IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATHEW EBERZ, on behalf of himself and all similarly situated individuals, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| HARVEST MANAGEMENT SUB TRUST CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Mathew Eberz (hereinafter "Plaintiff" or "Eberz"), by and through undersigned counsel, on behalf of himself and all similarly situated individuals, and files this Complaint against Defendant Harvest Management Sub Trust Corporation ("Defendant" or "Holiday Retirement"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Holiday Retirement.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Holiday Retirement is a Delaware corporation, and resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia and nationwide, both in its own capacity and through its wholly-owned subsidiaries. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from July to October 2012, ostensibly as a "Co-Manager" at Defendant's "independent living" retirement community in Columbia, South Carolina.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 203(e).

8.

Defendant does business as "Holiday Retirement" throughout the United States and owns over 300 retirement communities, which are marketed to seniors as independent living retirement communities.

9.

During the last three years, Defendant employed Co-Managers to work and live at each of Defendant's retirement communities.

10.

During the last three years, Defendant employed a team of Managers in each of Defendant's retirement communities that supervised the work of the Co-Managers that worked at the Managers' respective retirement community.

11.

The majority of the Managers and Co-Managers that work at Defendant's retirement communities are mature couples, i.e. husbands and wives over the age of 55.

12.

During the last three years, while employed by Defendant as a Co-Manager, Plaintiff's primary duty was the performance of non-exempt work, specifically sales work, e.g. sales calls and sending brochures to prospective residents, and labor associated with caring for residents at one of Defendant's retirement homes, e.g. serving food to residents, cleaning up after residents, and setting up activities for residents.

13.

During the relevant time period, Plaintiff regularly worked in excess of (40) hours in given work weeks and was not paid the overtime wage differential.

14.

Holiday Retirement is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Holiday Retirement is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

## IV.   Collective Action Allegations

17.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant as "Co-Managers" during the last three (3) years, and whose primary job duty includes sales and caring for residents at Defendant's retirement homes (hereinafter the "Collective Class").

5

18.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for all overtime hours worked while performing the duties of a Co-Manager.

19.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours.

20.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

21.

During the last three years, the primary duty of Co-Managers was the performance of non-exempt work, specifically sales work, e.g. sales calls and sending brochures to prospective residents, and labor associated with caring for residents at one of Defendant's retirement homes, e.g. serving food to residents, cleaning up after residents, and setting up activities for residents.

22.

During the last three years, Co-Managers did not have the authority to hire or fire Defendant's employees.

23.

During the last three years, Co-Managers were paid a salary with no overtime compensation for hours worked in excess of 40 hours in given work weeks.

24.

During the last three years, Co-Managers, including Plaintiff, did not exercise discretion and independent judgment with respect to matters of significance in the performance of their job duties.

25.

Co-Managers are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

29.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

30.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

31.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

32.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

33.

Plaintiff and the Collective Class were subject to the same unlawful Holiday Retirement policy, i.e. Defendant's misclassification of Co-Managers as "exempt" from the overtime requirements of the FLSA.

34.

Defendant's violations of the FLSA were willful and in bad faith.

35.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Grant conditional certification and provide notice of this action to all

        similarly situated individuals;

(E)     Grant leave to add state law claims if necessary; and

(F)     Award Plaintiff such further and additional relief as may be just and

        appropriate.

Respectfully submitted,

This 14th day of February, 2013.

                            **BARRETT & FARAHANY, LLP**

                            /s/ V. Severin Roberts
                                V. Severin Roberts
                                Georgia Bar No. 940504
                                Amanda A. Farahany
                                Georgia Bar No. 646135
                                Attorneys for Plaintiff Mathew Eberz

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@bf-llp.com
amanda@bf-llp.com

## <u>CERTIFICATE OF FONT</u>

I hereby certify that the foregoing Plaintiff's Complaint was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1.C.

<u>/s/ V. Severin Roberts</u>
Attorney for Plaintiff Mathew Eberz